IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMES ANTHONY HUNTER,<br><br>**Plaintiff,**<br><br>v.<br><br>TURN KEY HEALTHCARE, UT MEDICAL HEALTH, VANESSA UNKNOWN, NURSE, TURN KEY HEALTHCARE; VICTORIA UNKNOWN, NURSE, TURN KEY HEALTHCARE; NATALIE UNKNOWN, NURSE, TURN KEY HEALTHCARE; AND DR. GARY WHITE,<br><br>**Defendants.** | § § § § § § § § § § § § § § § CIVIL ACTION NO. 6:24-CV-00034-JDK |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On January 25, 2024, Plaintiff James Hunter, an inmate currently confined at the Smith County Jail, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 3.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a

filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

A. **Plaintiff's Complaints**

In his original complaint, Plaintiff purports to sue Turn Key Healthcare, UT Medical Health, Nurse Vanessa, Nurse Victoria, Nurse Natalie, and Dr. Gary White. (Doc. No. 1.) Plaintiff states that on December 24, 2023, Nurse Vanessa and Nurse Victoria administered an injection of Haldol despite his "pleas and cries" that he is allergic to it. *Id.* at 5. Plaintiff states that Nurse Vanessa also administered the drug on January 2, 2024 and January 3, 2024, and Nurse Natalie administered it on January 18, 2024. *Id.* Plaintiff indicates that the nurses had orders from Dr. White to administer the drug if Plaintiff inflicted self-harm. *Id.* Plaintiff states that the drug would cause him to sleep and pause bleeding. *Id.* Plaintiff asserts that during the December 24, 2023 incident that he started bleeding again once he awakened and that caused him to then be transferred to the hospital. *Id.*

The court reviewed these allegations and issued an order to amend notifying Plaintiff of the specific deficiencies with respect to his claims. (Doc. No. 10.) Plaintiff thereafter filed a motion to dismiss Defendants Turn Key Health Care and UT Medical Health (Doc. No. 16), as well as an amended complaint against Defendants Nurse Vanessa, Nurse Natalie, Nurse Victoria, and Dr. Gary White. (Doc. No. 17.)

In his amended complaint, Plaintiff once again states that on December 24, 2023 Nurse Victoria and Nurse Vanessa administered him a shot of Haldol after he told them he was allergic to it. (Doc. No. 17, at 6.) Plaintiff states that Nurse Vanessa injected him again with Haldol on January 2, 2024 and January 3, 2024, and that Nurse Natalie injected him with Haldol on January 18, 2024. *Id.* Plaintiff states that every time he told them he was allergic to it, and they all stated it was per Dr. White's Orders. *Id.* Plaintiff states that he suffered an allergic reaction of tongue swelling and damage to his esophagus and voice box. *Id.* Plaintiff states that he was traumatized and lives in fear of future injections. *Id.*

B. Discussion

As an initial matter, Plaintiff's amended complaint has omitted Defendants Turn Key Medical Health and UT Health (Doc. No. 17) and Plaintiff has filed a motion to dismiss these Defendants. (Doc. No. 16.) Plaintiff's motion, although filed as a motion and not as a notice, appears to be a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 16.) Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). In the instant action, no answer or motion for summary judgment have been filed. Accordingly, the court **RECOMMENDS** that Plaintiff's motion (Doc. No. 16) be treated as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff's claims against Defendants Turn Key Medical Health and UT Health should be dismissed without prejudice.

    **a. Remaining Claims Against Defendants Nurse Vanessa, Nurse Victoria, Nurse Natalie, and Dr. Gary White**

With respect to the individual nurses and doctor named in the complaint, who Plaintiff has alleged violated his rights through the authorization or administration of Haldol injections, Plaintiff's allegations fail to state a claim. In *Harper*, the Court held that "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest". *Washington v. Harper*, 494 U.S. 210, 227 (1990). Here, Plaintiff's allegations concede that he was inflicting self-harm, for which he had serious bleeding, and that the nurses provided an injection of Haldol, a drug used to treat schizophrenia, based upon doctor's orders.

(Doc. No. 1, at 5.) Thus, even taking the allegations as true, they do not state a due process violation.

Further, the allegations do not state a claim for deliberate indifference. The Fifth Circuit has established that the "deliberate indifference" standard applies to a pretrial detainee's claims involving medical care under § 1983. *Hare v. City of Corinth, Mississippi*, 74 F.3d 633, 647–48 (5th Cir. 1996) (en banc). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk. *Hare*, 74 F.3d at 647–48. In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. 2009) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Here, Plaintiff's pleaded allegations are contrary to deliberate indifference. Plaintiff's allegations indicate that he had inflicted self-harm, was bleeding, and that various medical providers attempted to provide care to intervene for the benefit of his health and safety. (Doc. No. 1, at 5.) To the extent that Plaintiff has attempted to state a claim for deliberate indifference based upon the alleged injection of a drug that he is allergic to, Plaintiff's own allegations fail to support such a claim. Originally, Plaintiff stated that he received a "lethal" injection of Haldol without any noted adverse reactions. (Doc. No. 1, at 5.) Pursuant to the court's order to amend, he now states that he suffered an allergic reaction of a swollen tongue and damage to his esophagus and voice box. (Doc. No. 17, at 6.)

Assuming that Plaintiff's allegations are true, Nurses Vanessa, Victoria, and Natalie had knowledge of Plaintiff's allergy solely due to his self-reporting at the time of injection. *Id.* Plaintiff does not allege that his medical files state that he is allergic to Haldol, only that his medical files include allergies to "several medicines." *Id.* Again, the court comes back to the tenor of Plaintiff's allegations, which suggest that he in fact received medical intervention for the purpose of treating his psychosis and stopping his ongoing infliction of self-harm. Accepting Plaintiff's self-report of his allergy to Haldol as true at the time of objection, the risk of possible allergic reaction needed to be weighed by the provider against the need for medical intervention given Plaintiff's admitted infliction of serious self-harm. As stated above, Plaintiff does not allege that a Haldol allergy was listed in in medical file; even so, such an allegation would be contradicted by his allegation that there were doctor's orders to administer the drug. In such a situation, the provider's medical judgment about the serious needs of the inmate versus the risks of treatment could at best be a question of medical malpractice, but would not rise to the level of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("[u]nsuccessful medical treatment, acts of

6

negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). This is particularly true where the situation presents discernment due to an inmate's self-reporting of an allergy. *See Perry v. Sims*, No. 117CV00197JMSTAB, 2019 WL 1168110, at *4 (S.D. Ind. Mar. 12, 2019), aff'd, 990 F.3d 505 (7th Cir. 2021) (finding no deliberate indifference where inmate self-reported his allergy to Haldol and mental health professionals were accustomed to patients stating that they are "allergic" to certain medications when they are actually experiencing unpleasant side effects). Furthermore, a review of the docket shows that during the course of the pendency of this matter, Plaintiff was transferred to Rusk State Hospital, a state-operated in-patient hospital that provides psychiatric treatment and care, for treatment. (Doc. No. 9.) The transfer to an in-patient facility infers attention to care for Plaintiff's psychiatric needs and treatment. Simply put, nothing in the alleged facts suggests a wanton disregard for any of Plaintiff's serious medical needs required for a showing of deliberate indifference.

## C. Conclusion

The court **RECOMMENDS** that Plaintiff's claims against Defendants Turn Key Medical Health and UT Health should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Having conducted screening pursuant to § 1915A, the court **RECOMMENDS** that Plaintiff's claims against Defendants Nurse Victoria, Nurse Vanessa, Nurse Natalie, and Dr. Gary White be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 10th day of June, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE